UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KND DEVELOPMENT 55, LLC d/b/a KINDRED HOSPITAL RANCHO, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE HAYWARD INDUSTRIES, INC. MEDICAL PLAN; HAYWARD INDUSTRIES, INC., a New Jersey corporation,<br><br>Defendants. | Case No.: 5:20-CV-02222-JGB-PD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Jesus G. Bernal |

STIPULATION FOR PROTECTIVE ORDER

1

122888652.1

Pursuant to 45 C.F.R. § 164.512(e), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties, KND Development 55, LLC d/b/a Kindred Hospital Rancho ("Plaintiff") and The Hayward Industries, Inc. Medical Plan and Hayward Industries, Inc. (collectively, "Defendants") and their respective attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. In the above-captioned matter, Case No. 5:20-CV-02222 JGB-PD ("Matter"), Plaintiff asserts a claim for benefits pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff's claims are based on allegations that one of its patients was wrongly denied benefits by Defendants and, as a result, Plaintiff was not fully compensated for care that it provided to the patient. Defendants have asserted, among other defenses, that the care provided to the patient was not medically necessary.

3. The prosecution and defense of this action will require the Parties, their agents, and their attorneys in this Matter to seek, receive and review relevant documents, information, materials and testimony containing protected health information ("PHI"), as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), relating to Plaintiff. Specifically, relevant to the claims and defenses are Plaintiff's medical records relating to the medical care at issue, which records may be in the custody of health plans and/or health care providers.

4. HIPAA prohibits the disclosure of protected health information ("PHI") by a "covered entity" such as a health plan or health care provider in judicial or administrative proceedings other than as authorized by law. 45 CFR § 164.512(e); *see* 45 C.F.R. § 160.103 (defining "covered entity").

5. Under one allowable disclosure, a "covered entity" may disclose PHI

STIPULATION FOR PROTECTIVE ORDER
2

122888652.1

in a judicial or administrative proceeding in response to a subpoena, discovery request, or other lawful process if the party seeking the PHI has made reasonable efforts to secure a proper qualified protective order. 45 C.F.R. § 164.512(e)(ii)(B), (e)(v). Wherefore, the Court finds good cause to issue this Qualified Protective Order in order to facilitate the exchange and use of PHI in connection with this Matter.

6. Either Party may designate certain documents and testimony, or other information derived therefrom, as "Confidential-PHI" under the terms of this Qualified Protective Order. A Party may designate documents, information and testimony "Confidential-PHI" to protect information, documents, materials or testimony that contain or reveal PHI.

7. For purposes of this Qualified Protective Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to (a) the past, present or future physical or medical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual that identifies the individual or that reasonable could be expected to identify the individual.

8. A Party may challenge the designation of a document as "Confidential-PHI" within thirty (30) days of receiving the document. The parties shall attempt in good faith to resolve any disputes relating to whether a "Confidential-PHI" designation is proper. If the Parties are unable to resolve the dispute, either Party may seek relief from the Court.

9. Before disclosing PHI to persons involved in this Matter, the disclosing Party shall designate a document, testimony or other information containing such PHI as "Confidential-PHI." By making such a designation under the terms of this Qualified Protective Order, the Party so designating is certifying that there is a good

122888652.1

faith basis both in law and in fact for the designation. Such PHI information may not be used or disclosed for any purpose other than this action and counsel shall take reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this action.

10. The Parties and their attorneys shall be permitted to use or disclose the PHI in any manner that is reasonably connected with this Matter and any appeals of this Matter. This includes, but is not limited to, a disclosure to the Parties (and their employees), their attorneys of record, the attorneys' firms (i.e. attorneys, support staff, agents, and consultants), the Parties' insurers, experts, consultants, Court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

11. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this proceeding and/or from a source other than a "covered entity" as the term is defined in 45 C.F.R. 160.103, whether or not such material is also obtained through discovery in this proceeding, or from disclosing its own PHI as it deems appropriate.

12. This Qualified Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this proceeding. Nothing in this Qualified Protective Order nor the production of any information or document under the terms of this Qualified Protective Order nor any proceedings pursuant to this Qualified Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

13. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file documents containing PHI under seal.

14. Upon conclusion of this Matter, whether by judgment, settlement, or otherwise, the Parties shall within sixty (60) days assemble and return to the producing party all materials (originals and/or copies) produced by the producing party that reveal or tend to reveal PHI, or the Parties will certify that those materials have been destroyed; except that all such materials, including PHI, constituting work product and/or working files of counsel and/or any and all materials or documents, including PHI, exchanged in the ordinary course of business by either party, are not subject to the requirements of this paragraph.

15. The obligations of this Qualified Protective Order shall survive the termination of this Matter.

**IT IS SO ORDERED.**

Date: May 20, 2021

*Patricia Donahue*
Hon. Patricia Donahue
United States Magistrate Judge